# *United States District Court*

FILED by D.C.

AUG 3 1 2000

LAWRENCE MADDOX
CLERK U.S. DIST. CT.

_____ SOUTHERN _____ DISTRICT OF _____ FLORIDA

UNITED STATES OF AMERICA

V.

FRANCISCO CARELA

(Name and Address of Defendant)

## **CRIMINAL COMPLAINT**

**CASE NUMBER:** $CO - 4215 - BSS$

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about August 30, 2000, _____ in Broward County, in the Southern _____ District of _____ Florida, defendant,

an alien, having previously been deported on or about September 10, 1997, from the United States to the Dominican Republic subsequent to a conviction of a felony on or about June 6, 1996, did knowingly attempt to enter the United States without the Attorney General having expressly consented to such alien's reapplying for admission to the United States

in violation of Title __8__ United States Code, Sections __1326(a) and (b)(1)__

I further state that I am a(n) __Inspector with INS__ and that this complaint is based on the following
Official Title
facts:

### PLEASE SEE ATTACHED AFFIDAVIT

Continued on the attached and made a part hereof: [x] Yes [ ] No

Angela Leal Hernandez
Signature of Complainant

Sworn to before me, and subscribed in my presence,

August 31, 2000                          at  Fort Lauderdale, Florida
Date                                         City and State

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer          Signature of Judicial Officer

## AFFIDAVIT

Angela L Lear-Hernandez, after being duly sworn, deposes and says:

1. I am a Senior Inspector for the United States Immigration & Naturalization Service ("INS"). I have been employed with INS for the past nearly eight years. I have received specialized training and am experienced in the requirements for aliens seeking to enter the United States. The following information is based upon my personal knowledge and that of my fellow inspectors Since this affidavit is being submitted for the limited purpose of providing probable cause for a complaint, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause for the issuance of the complaint.

2 On August 30, 2000, at approximately 8:20 a.m., crew members onboard the *Crowley Sun*, a motor vessel, made a pre-arrival stowaway check. During the course of the check, crew members found three stowaways. The crew members detained the stowaways and faxed a message to Crowley American Transport ("CAT"), their shipping agency, to inform them of the discovery of the stowaways.

3. Rick Barcelo, a shipping agent for CAT, immediately contacted INS upon receipt of the facsimile. He informed INS of the stowaways and the expected arrival time of the vessel.

4. The *Crowley Sun* arrived at Port Everglades at approximately 12:45 p.m., and the crew turned over the three stowaways to INS inspectors, who processed them.

5 Among the stowaways was a man who identified himself as Francisco Carela Serrano ("Carela") to one of the inspectors Carela provided a sworn statement to the

inspector in which he admitted that he had previously been deported from the United States in 1997. Carela then signed his statement in the name "Francisco Carela."

6. Inspectors took Carela's fingerprints and sent them to the FBI for analysis. The FBI reported that the fingerprints taken from Carela matched those of fingerprints on file under the name "Francisco Carela, FBI #430 001 MA4." Carela's FBI record indicated that Carela had been arrested several times and that he had been convicted in Maryland of possession with intent to distribute cocaine on June 6, 1996. The FBI record further indicated that Carela was deported on September 10, 1997, to the Dominican Republic after his felony conviction.

7. Inspectors conducted checks of various INS record databases, including the Central Index System, the National Automated Lookout System, and the Deportable Alien Computer System. All of these databases confirmed that Carela was deported from the United States on September 10, 1997, as an aggravated felon.

8. Inspectors then researched the INS CLAIMS database to determine whether Carela had applied for permission to enter the United States following his deportation from the United States. The system reflected that Carela had neither applied for nor had he received permission to enter the United States.

9. Your affiant submits that based on the facts there exists probable cause to believe that Francisco Carela, an alien, having previously been deported on or about September 10, 1997, from the United States to the Dominican Republic subsequent to a conviction of a felony on or about September 10, 1997, did knowingly attempt to enter the United States without the Attorney General having expressly consented to such alien's

-2-

reapplying for admission to the United States, in violation of Title 8, United States Code,

Sections 1326(a) and (b)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT

ANGELA L. LEAR-HERNANDEZ
INS

Sworn and subscribed to before me this
31st day of August, 2000.

BARRY S. SELTZER
UNITED STATES MAGISTRATE JUDGE

-3-