UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6262-CR-ROETTGER

UNITED STATES OF AMERICA,    :

    Plaintiff,    :

v.    :

FRANCISCO CARELA,    :

    Defendant.    :
_____/



## **REQUEST FOR DOWNWARD DEPARTURE**

The Defendant Francisco Carela ("Carela"), hereby requests a downward departure from his sentencing guideline range for the following reasons:

**Downward Departure**

Carela scores on the sentencing guidelines a total offense level of 21 and a criminal history category of IV; the guideline imprisonment range is 57 to 71 months. He received the criminal history computation of IV as a result of two previous convictions for a controlled substance offense (possession of 14 rocks of "crack" cocaine and possession with intent to distribute cocaine; both when he was 23 years old) and this offense having been committed while on probation. Additionally,



even though the criminal history is unclear on this issue, it appears that the two convictions were treated as one for the purposes of sentence.

For the reasons stated below Carela specifically asks for a downward departure from his criminal history category of IV because it over-represents his propensity to commit crimes.

The sentencing Reform Act allows the sentencing court to depart from the guidelines if "the court finds that there exists a ... mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission." 18 U.S.C. § 3553(b). Therefore the sentencing Guidelines permits the district court to depart downward from both a career offender status and criminal history category. See United States v. Lawrence, 916 F.2d 553 (9th Cir. 1990); United States v. Smith, 909 F.2d 1164 (8th Cir. 1990); United States v Brown, 903 F.2d 540 (8th Cir. 1990); United States v. Maddalena, 893 F.2d 815 (6th cir. 1989); United States v. Bowser, 991 F.2d 10919 (10th Cir. 1991); and United States v. Maldonado-Campos, 920 F.2d 714 (10th Cir. 1990); United States v. Gayles, 1 F.3d 735 (8th Cir. 1993); United States v. Summers, 893 F.2d 63 (4th Cir. 1990); United States v. Senior, 935 F.2d 149 (8th Cir. 1991).

Section 4A1.3 of the Sentencing Guidelines states as a policy statement the following:

> There may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes. An example might include the case of a defendant with two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period. The court may conclude that the defendant's criminal history was significantly less serious than that of most defendants in the same criminal history category (Category II), and therefore consider a downward departure from the guidelines.

2

Senior, supra, though a career offender, establishes that narcotics convictions at a young age is an appropriate consideration for a downward departure. Because of three prior robberies and two controlled substance offenses, prior to the cocaine conviction, Senior qualified as a career offender. His guideline range sentence was 292-365 months and his criminal history category was VI.

The court felt that being a career offender seriously over-represented his criminal history in that the three robberies were treated by the state court as more or less one criminal episode. Additionally, the two controlled substance offenses were committed at age 24 and were consolidated for sentencing. The court departed from the guidelines and imposed the statutory minimum mandatory of 120 months.

Applying these factors to the present case, the Sentencing Guidelines explicitly acknowledge that over-representation of the seriousness of the defendant's criminal history is an appropriate consideration for downward departure.

It is specific intent of Francisco Carela to request a downward departure from a criminal history category of IV.

## Conclusion

WHEREFORE, the Defendant Francisco Carela hereby moves this court for a downward departure from his criminal history category of IV and to consider those matter not adequately taken

into consideration by the Sentencing Commission and to reflect the policy statement of § 4A1.3 of

the Sentencing Guidelines.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: 

Samuel J. Smargon
Assistant Federal Public Defender
Florida Bar No. 150230
101 N.E. 3rd Avenue
Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436
(954) 356-7556 (fax)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing motion was mailed this 22 day

of January, 2001, to Assistant United States Attorney Robin Rosenbaum, at 299 E. Broward Blvd.,

Ft. Lauderdale, Florida 33301 and United States Probation Officer Teresa Bradman, at 300 N.E.

First Ave., Room 315, Miami, Florida 33132-2126.

Samuel J. Smargon

S:\SMARGON\Carela\Depart 01.wpd

4